Filed 9/10/25  P. v. Freeman CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE, | H053188 |
| Plaintiff and Respondent, | (Sacramento County Super. Ct. No. 23FE002243) |
| v. | |
| CLAYTON FREEMAN, | |
| Defendant and Appellant. | |

In February 2023, Clayton Freeman was charged with carjacking and two counts of assault on a peace officer.  He pleaded no contest, and the trial court sentenced him to 11 years four months in prison.  Freeman's subsequent request for a certificate of probable cause was denied.

Freeman appealed, and we appointed counsel to represent him.  Counsel filed an opening brief stating the case and the facts, but raising no issues.  We advised Freeman of his right to file written argument on his own behalf, but received no response.

We have reviewed the full appellate record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*).  (See also *People v. Kelly* (2006) 40 Cal.4th 106 (*Kelly*).)  We conclude that there is no arguable issue for appeal and affirm the judgment.

# I. BACKGROUND

Because Freeman pleaded no contest before trial, we derive the facts below from the preliminary hearing and the plea hearing.

## A. The Offenses

On the morning of February 8, 2023, a mother and daughter left their house and got into the daughter's SUV parked in front of the house. After starting the SUV, the two returned to the house to retrieve something left behind, leaving the vehicle running. While the two were away, Freeman entered the SUV without their knowledge or consent.

Seeing Freeman get into the vehicle, the mother yelled stop and grabbed the driver's side of the vehicle. However, Freeman drove away, causing minor injuries to the mother's foot.

The next day, a police officer located the SUV. Freeman was in the back seat. Although Freeman initially cooperated and the officer was able to call for backup, Freeman began resisting, he climbed into the front seat, and at some point he started the SUV. The officer tasered him, but Freeman continued to resist and was able to push down on the accelerator. The officer, who was holding the vehicle door, was dragged toward a police car that had arrived, and another officer, who had exited the car, was pinned between the stolen vehicle and the police car. Freeman drove past the police car, and the second officer repositioned himself, but Freeman backed up toward the officer, who fired several shots at Freeman. Freeman then drove away. Although the first officer was uninjured, the second officer suffered deep muscular damage and a debilitating nerve injury.

Freeman was later apprehended, and he admitted taking the SUV. In the vehicle, police found Freeman's identification card and ten rounds of ammunition.

**B. The Charges**

In February 2023, the prosecutor filed a complaint charging Freeman with one count of carjacking (Pen. Code, § 215, subd. (a)) and two counts of assault on a peace officer with force likely to cause great bodily injury (*id.*, § 245, subd. (c)). The complaint also alleged two prior strike convictions. (*Id.*, §§ 667, subds. (b)-(i), 1170.12.)

**C. The Plea and Sentencing**

Over the prosecutor's objection, the trial court indicated a sentence of 11 years four months in prison if Freeman were to plead guilty to all charges. Freeman pleaded no contest to the three counts against him, and admitted one prior strike. The court imposed the indicated sentence, followed by five years of parole. Freeman received credit for 396 actual days in custody and 59 days of good time credits.

In sentencing Freeman, the trial court did not impose any fines, fees, or assessments, but noted that payment of an unspecified fine was suspended and that victim restitution would be determined at a later date. Nonetheless, the minute order and the amended abstract of judgment issued two days after the hearing included a $300 restitution fine under Penal Code section 1202.4, subd. (b), another $300 restitution fine under Penal Code section 1202.45 that was suspended, and $210 in court assessment fees.

Freeman filed a timely notice of appeal. Freeman subsequently requested a certificate of probable cause, contending that the charges against him were excessive and that he was not mentally capable of understanding the charges and the plea process. The trial court denied the request.

## II. DISCUSSION

We have reviewed the entire record under *Wende*, *supra*, 25 Cal.3d 436, and *Kelly*, *supra*, 40 Cal.4th 106. We find no arguable issue on appeal and therefore conclude that appellate counsel has complied fully with his responsibilities. (*Wende*, at p. 441.)

**III. DISPOSITION**

The judgment is affirmed.[*]

---

[*] In reviewing the record, we noticed an apparent error. The minute order for the sentencing and the amended abstract of judgment dated May 16, 2024 include two $300 restitution fines and $210 in mandatory court assessments, which were not included in the trial court's oral pronouncement of judgment on March 14, 2024. The minute order and the abstract should accurately reflect the trial court's pronouncement. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 387-388 ["The clerk cannot supplement the judgment the court actually pronounced by adding a provision to the minute order and the abstract of judgment."]) In addition, the trial court retains the authority to correct clerical errors in abstracts. (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185; Pen. Code, § 1237.2.) Consequently, if the amended abstract of judgment is incorrect, the trial court should prepare a corrected abstract and forward it to the Department of Corrections and Rehabilitation.

_____
BROMBERG, J.

WE CONCUR:

_____
DANNER, ACTING P. J.

_____
WILSON, J.

*People v.Freeman*
H053188